DAVID HOLLIS ET AL.

v.

WILLIAM T. SMITH ET AL.

STRICT FORECLOSURE.—It is only in extreme cases, when it appears the mortgaged property is of less value than the debt, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt, and there are no other incumbrancers or creditors of the mortgagor, that a strict foreclosure will be decreed.

ERROR to the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed October 19, 1881.

Messrs. MATHEWS, WIKE & HIGBEE, for plaintiff's in error; that it was error to decree a strict foreclosure, cited Farrell v. Parlier, 50 Ill. 274; Boyer v. Boyer, 89 Ill. 447; Miller v. Davis, 5 Bradwell, 474; Murphy v. Stith, 5 Bradwell, 562; Rourke v. Coulton, 4 Bradwell, 257; Rev. Stat. 1880, 643.

It is error to decree all the defendants to pay the mortgage debt: Cundiff v. Brokaw, 7 Bradwell, 147; Snell v. Stanley, 58 Ill. 31; Obrian v. Fry, 82 Ill. 274.

Messrs. ORR & CRAWFORD, for defendants in error; as to the power of a court to decree a strict foreclosure, cited Johnson v. Donnell, 15 Ill. 97; Stephens v. Bichnell, 27 Ill. 444; Wilson v. Geisler, 19 Ill. 49.

Upon a strict foreclosure if the value of the land be equal to the debt, the debt is satisfied, but not so unless the land is of equal value: Vanszant v. Allmon, 23 Ill. 30.

DAVIS, J. This was a suit in chancery, instituted by defendants in error against plaintiffs in error, and one Elizabeth Mittower, to obtain the foreclosure of a deed of trust, executed by Abraham Mittower, to Charles E. Bolin, as trustee, to secure the payment of $1,000, and interest due from Mittower to William T. Smith.

Shortly after the execution of the trust deed, Mittower, who was a single man, died testate, and by his will devised the land in controversy to Elizabeth Mittower, and the plaintiffs in error, except David Hollis, the executor, who were his only heirs-at-law.

The defendants in error charge in their bill, that the taxes and installments as they fell due were not paid, and that the estate of said Abraham Mittower is insolvent, and will only pay a small per cent. of the indebtedness probated against his estate.

The court below on the hearing, after a reference to the master, found the allegations of the bill to be true; found the lands in controversy not to be worth, " by several hundred dollars the amount due William T. Smith," and also found the amount to be due the defendants in error $1,161.65, and decreed a strict foreclosure.

To reverse this decree this writ of error was prosecuted, and the only question necessary to be determined is whether the facts justified the court in granting a strict foreclosure.

It was averred and proved that the estate of Mittower was insolvent, and that there were creditors of the estate whose probated claims amounted to nearly the value of the mortgaged estate.

As far back as the case of Farrell, etc., et al. v. Parlier, 50 Ill. 275, it was held that "it is only in strong cases, which form exceptions, that there should be decreed a strict foreclosure, or a sale without redemption, and then only in rare cases, when it appears the property is of less value than the debt for which it is mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of his debt. But it is not proper when there are other incumbrances upon the property, or creditors, or purchasers of the equity of redemption."

This ruling was afterwards approved in Boyer et al. v. Boyer, 89 Ill. 449, in which case the court held "that the insolvency of a deceased mortgagor's estate assimilated the case to that where there are other incumbrances upon the property, or creditors, there being need of resort to the mortgaged property for the satisfaction of claims against the estate."

The question has been before us frequently, and we have invariably followed the ruling of Farrell, etc., et al. v. Parlier, *supra*. Miller et al. v. Davis, 5 Bradwell, 474; Murphy et al. v. Stith, 5 Bradwell, 562; Rourke v. Coulton, 4 Bradwell, 257.

We see nothing in this case strong or rare, which should except it from the ordinary practice in foreclosure cases of a sale of the mortgaged premises, with a right of redemption under the statute.

The facts show only an ordinary case of great depreciation of value in the mortgaged premises, and an attempt to obtain the property back at its present value, without paying the expenses of a sale.

The court erred in granting a strict foreclosure, and for that error the decree must be reversed and the cause remanded.

Decree reversed.